JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

KYLE F. WALDINGER (ILSB 6238304)
Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, California 94102
    Telephone: (415) 436-6830
    Facsimile: (415) 436-7234
    E-mail: kyle.waldinger@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.: CR 01-0415 VRW |
| )  Plaintiff, ) | JUDGMENT ON FORFEITURE ON BOND |
| v. ) | |
| ESTEBAN CALDERON, ) | |
| )  Defendant. ) | |

    The United States has moved for a judgment against the defendant Esteban Calderon, Mauro Calderon, Maria Milagros Calderon Rivera, and Venus Marrero ("Sureties"), jointly and severally, based upon this Court's finding that the defendant had violated the terms of his pretrial release in this matter. The United States has also requested that this Court direct execution upon such judgment.

    1.    On November 15, 2001, the defendant and Sureties executed a bond in the sum of $250,000, conditioned upon the defendant complying with all of the terms and conditions of that bond, which included not committing any federal, state or local crime. Seventy thousand dollars of the bond was to be secured by the posting of that amount of money with the Clerk of the Court. The $70,000 in cash was posted by way of a cashier's check on December 14, 2001.

    2.    On February 12, 2003, the defendant was arrested in New York City for receiving

[PROPOSED] JUDGMENT ON
FORFEITURE OF BOND [CR 01-0415 VRW]

1  stolen merchandise at his jewelry store.  He was also charged with criminal possession of
2  revolver and trademark counterfeiting.

3      3.      In an Order dated February 14, 2003, this Court found that there was probable
4  cause to believe that the defendant had violated the terms of his pretrial release.  This Court
5  reiterated that finding in a Detention Order dated May 15, 2003.

6      4.      On June 13, 2003, upon motion of the United States, this Court issued an order
7  exonerating the defendant's bond.

8      5.      The parties later amended their plea agreement to allow the United States to seek
9  forfeiture of the $70,000 in cash posted as part of the defendant's personal appearance bond.

10     6.      This Court hereby reiterates its finding that there is probable cause to believe that
11 the defendant violated the terms of his pre-trial release by committing another federal, state or
12 local crime.  Therefore, the Court must order the bond forfeited pursuant to Federal Rule of
13 Criminal Procedure 46(f)(1).

14     7.      However, "the court may set aside in whole or in part a bail forfeiture upon any
15 condition the court may impose if [...] it appears that justice does not require bail forfeiture."
16 Fed. R. Crim. P. 46(f)(2); U.S. v. Frias-Ramirez, 670 F.2d 849 (9th Cir. 1982) (courts may
17 consider several factors under Rule 46(f)(2), including willfulness of defendant's breach of bond
18 conditions, participation of sureties in apprehending defendant, costs, inconvenience and
19 prejudice suffered by Government as a result of defendant's breach, any explanation or
20 mitigating factors, whether sureties were professionals or family and friends of the defendant and
21 appropriateness of the amount of the bond).  To that end, the Court has considered letters
22 submitted by and on behalf of Maria Rivera, the defendant's wife, that were unofficially
23 translated by the United States.  Those letters essentially seek return of the funds that were
24 posted in December 2001 to Ms. Rivera based on her poor financial condition.  While the Court
25 regrets her current situation, the funds did not come from her originally.  Rather, surety Mauro
26 Calderon, Defendant's brother, posted the $70,000 cashier's check, which indicates on its face
27 that it was drawn on funds from Abel Calderon, another brother of Defendant.  See Docket No.
28 120, Ex. 4.  In addition, it appears that the source of the funds was not lottery winnings as

1 indicated to the Court at the time, but ill-gotten proceeds of trafficking in stolen goods. See
2 Re-notice of Mot. for Forfeiture of Bond & for Judgment on Forfeiture of Bond, Ex. 5 at 1-2. A
3 consideration of factors from Frias-Ramirez does not justify setting aside any of the bail
4 forfeiture.

5      Based on the above findings, and for good cause shown,
6    IT IS HEREBY ORDERED:
7      1.   That this Court's Order of June 13, 2003 exonerating the defendant's bond is
8 rescinded.
9      2.   The defendant's bail is forfeited to the United States pursuant to Rule 46(f)(1).
10     3.   That judgment is entered in favor of the United States and against the defendant
11 and the Sureties, jointly and severally, in the remitted sum of $70,000, plus interest from the date
12 of entry of judgment as provided by law until paid in full.
13     4.   That the $70,000 now on deposit in the Court's registry (with accrued interest) be
14 turned over and credited to the judgment, to satisfy the judgment in full.

16 DATED: August 7, 2009                    _____
                                            ELIZABETH D. LAPORTE
17                                          United States Magistrate Judge

[PROPOSED] JUDGMENT ON
FORFEITURE OF BOND [CR 01-0415 VRW]                                                        -3-